Opinion filed April 29,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-08-00159-CR 

                                                    __________

 

                                 ALEJANDRO
GARCIA, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 238th District Court

 

                                                          Midland
County, Texas

 

                                                   Trial
Court Cause No. CR34120

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The
jury convicted Alejandro Garcia of the offenses of aggravated robbery and
retaliation.  The jury assessed punishment for the aggravated robbery at
confinement for twenty years and a fine of $10,000 and for retaliation at
confinement for five years and a fine of $10,000.  The trial court entered
separate judgments but ordered the sentences to run concurrently.  We affirm.

            Appellant
has briefed five issues for review.  In the first and second issues, he
complains of the trial court’s failure to give an accomplice witness
instruction to the jury.  In the next two issues, appellant challenges the
factual and legal sufficiency of the evidence to support his conviction for
aggravated robbery.  In his final issue, appellant argues that the trial court
abused its discretion in allowing a witness to testify as to his opinion
regarding the cause of a bruise on the victim.  

We
will address the sufficiency challenges first.  In his third issue, appellant
challenges the factual sufficiency of the evidence to support his conviction
for aggravated robbery.  In the fourth issue, appellant contends that the
evidence is legally insufficient to support his conviction for aggravated
robbery because evidence corroborating the accomplice’s testimony is lacking. 
We will apply the following well-recognized standards of review to appellant’s
sufficiency challenges.  To determine if the evidence is factually sufficient, we
must review all of the evidence in a neutral light and determine whether the
evidence supporting the verdict is so weak that the verdict is clearly wrong
and manifestly unjust or whether the verdict is against the great weight and
preponderance of the conflicting evidence.  Watson v. State, 204 S.W.3d
404, 414-15 (Tex. Crim. App. 2006); Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996).  To determine if the evidence is legally sufficient, we
must review all of the evidence in the light most favorable to the verdict and
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex. Crim. App.
2000).  To support a conviction based upon the testimony of an accomplice,
there must be corroborating evidence that tends to connect the accused with the
offense.  Tex. Code Crim. Proc. Ann.
art. 38.14 (Vernon 2005); Reed v. State, 744 S.W.2d 112 (Tex. Crim. App.
1988).  To determine the sufficiency of the corroboration, we must examine the
testimony of the non‑accomplice witnesses and determine if there is
inculpatory evidence tending to connect appellant to the crime.  Reed,
744 S.W.2d at 127.  An accomplice witness need not be corroborated in all his
testimony, and the corroboration need not directly link the accused to the
crime or be sufficient in itself to establish guilt.  Id.  

            The
victim, Abraham Puente, testified that he was asleep in the early morning hours
of July 9, 2007, at the home of his brother-in-law, Jose Juarez.  The victim
was awakened by a loud noise that sounded like somebody hitting the back door. 
At first, he thought it was Juarez coming home, but then he heard dresser
drawers dropping to the floor in Juarez’s bedroom. Three intruders came into
the bedroom where the victim was.  The victim testified that he heard appellant
say that there was somebody sleeping in the room.  The victim recognized
appellant’s voice.  He had heard it earlier that day when appellant was at the
house drinking beer with Juarez.  The victim also saw appellant’s face when the
handkerchief fell.  The victim testified that he had known appellant for
approximately one year prior to this encounter and that he had no question about
appellant’s identity as one of the assailants.

According
to the victim, the assailants pointed a gun at the victim’s head and demanded
his money.  They took approximately $300 from the victim’s wallet.  The victim
testified that the assailants kicked him in the head, neck, and back; that one
of them jabbed his neck with the rifle barrel, leaving a circular bruise; and
that appellant threatened to kill him if he did “something stupid” like call
the police.  Appellant and the gunman were arrested within hours of the crime. 
The victim identified the clothes that these two were wearing during the
offense.  Pictures of the house that was burglarized, shoe prints found at the
scene, and the marks on the victim’s neck were introduced into evidence.  Clothing
identified as that of appellant and the gunman were also introduced.  

Teofilo
Hernandez testified that he, appellant, and two other males left appellant’s house
on the night of the offense and went for a walk.  Hernandez stated that
appellant and the two others hopped a fence in an alley.  Hernandez testified
that he did not really know their intent but knew it was the “wrong thing to be
doing.”  He heard a loud noise that he attributed to “[t]he door.”  Hernandez left. 
He testified that, as he was walking back to appellant’s house, the three
others ran past him.

The
victim testified that he had seen somebody waiting on the corner for the
assailants but that the fourth person had not been in the house.  The clothes
that Hernandez was wearing when police arrived at appellant’s house matched the
description given by the victim as that of the person on the corner.  Hernandez
was not charged with the offense.

Appellant
testified that he had been at Juarez’s house drinking beer with Juarez during
the day but that he did not return and had nothing to do with any aggravated
robbery.

We
hold that the evidence is both legally and factually sufficient to support
appellant’s conviction. The non-accomplice testimony from the victim is legally
sufficient to support appellant’s conviction even without the testimony of
Hernandez, the alleged accomplice.  Furthermore, after reviewing all of the
evidence in a neutral light, we hold that the evidence supporting the verdict
is not so weak as to render the verdict clearly wrong and manifestly unjust and
that the verdict is not against the great weight and preponderance of the
conflicting evidence.  Appellant’s third and fourth issues are overruled.  

            Appellant
asserts in his first issue that Hernandez was an accomplice witness as a matter
of law and in his second issue that he was an accomplice witness as matter of
fact.  Appellant contends that the trial court erred in failing to instruct the
jury accordingly.  Appellant acknowledges that he did not request an accomplice
witness instruction or object to its omission from the jury charge. 
Consequently, any error in the omission of the instruction must be egregious in
order to constitute reversible error under Almanza v. State, 686 S.W.2d
157, 171 (Tex. Crim. App. 1985).  

We must review the entire jury charge, the state of the
evidence, the arguments of counsel, and any other relevant information in order
to determine whether the error was so egregious that appellant was denied a
fair and impartial trial.  Tex. Code
Crim. Proc. Ann. art. 36.19 (Vernon 2006); Almanza, 686
S.W.2d at 171-74.  An error results in egregious harm if it affects the very
basis of the case, deprives the defendant of a valuable right, or vitally
affects a defensive theory.  Hutch v. State, 922 S.W.2d 166, 171 (Tex.
Crim. App. 1996); Almanza, 686 S.W.2d at 172.  Assuming
that Hernandez could have been considered an accomplice – a matter which we
need not decide – any error in the omission of an accomplice witness
instruction was not egregious error.  Under the egregious harm standard, the
omission of an accomplice witness instruction is generally harmless unless the
corroborating, non-accomplice evidence is “so unconvincing in fact as to render
the State’s overall case for conviction clearly and significantly less
persuasive.”  Herron v. State, 86 S.W.3d 621, 632 (Tex. Crim. App. 2002)
(quoting Saunders v. State, 817 S.W.2d 688, 692 (Tex. Crim. App. 1991)). 
In this case, the victim testified that he had no question whatsoever that
appellant committed this offense because he knew appellant, saw him during the
offense, and recognized him and his voice.  The non-accomplice evidence also
showed that somebody had kicked in the back door of the house where the victim
was staying.  The corroborating evidence was not unconvincing. 

Appellant was not denied a fair and impartial trial, and the
omission of the accomplice witness instruction, if error, was not reversible
error in this case.  Appellant’s first and second issues are overruled.  

In
his final issue, appellant argues that the trial court abused its discretion in
allowing Detective Richard Candelaria to give his opinion regarding the cause
of a bruise on the victim’s neck.  Appellant asserts that the opinion was an
improper lay opinion under Tex. R. Evid.
701.  Rule 701 limits the admissibility of lay opinions and inferences to those
that are rationally based on the perception of the witness and helpful to a
clear understanding of the witness’s testimony or the determination of a fact
in issue.  

The
record shows that, shortly after being called to the scene, Detective
Candelaria observed “bruises” on the victim’s neck.  He testified that one was
“very noticeable, which was a round circular type bruise.”  He identified that
bruise in a picture that was introduced as an exhibit and said that the victim
told him that was where “he was being jabbed on the neck” with a rifle.  The
prosecutor then asked if the bruise was consistent with a rifle marking.  Over
appellant’s objections, Detective Candelaria answered the question
affirmatively and then explained his reasoning:  “Because of that circular deal
on the neck, it indicated that it was either a barrel of a rifle or some other
object.”  Detective Candelaria also described what the barrel of a rifle looks
like.  The rifle allegedly used in this case was not recovered by police, and
no rifle was offered as evidence.

We
cannot hold that the trial court abused its discretion in allowing Detective
Candelaria to testify that the circular mark that he observed on the victim’s
neck was consistent with and could have been caused by the barrel of a rifle. 
That testimony was rationally based upon his perception and was helpful to a
clear understanding of a fact in issue:  whether a firearm was used during the
commission of the offense.  Appellant’s fifth issue is overruled.

            The
judgments of the trial court are affirmed.

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

April 29, 2010

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.